Good morning and welcome to all of you are here today. This is the opening of the March public oral argument docket on March Tuesday March 12th 2013 the first case on the call of docket is agenda number one case number one one zero Eight one zero in the interest of Danielle or Danielle. However, it's pronounced J counsel for the appellant, please proceed Good Morning to justice counsel and may it please the center for counsel someone previously. Yeah, there you go I'm cook County assistant state's attorney Veronica Calderon Malavia, and I represent the people of the state of Illinois in this case The instant cases before this court because the trial court found the Juvenile Court Act supervision statute was Unconstitutional because they required the state's attorney to consent to a continuance under supervision This case is controlled by this court's decision in Ray Veronica see however respondent wants this court to disregard its precedent Therefore this case presents this court with the opportunity To ensure that adherence to his precedent is a rule and not an exception and that legislative enactments are not unnecessarily found unconstitutional Your honors pursuant to Veronica see the trial court was wrong and even addressing Respondents claims because respondent lacks standing to challenge the consent requirement Like the minor and Veronica see the respondent here could not show she was aggrieved by the consent requirement Because it was a finding of guilt and that the state's objection at sentencing that prevented the issuance of a continuance under supervision the honors to preserve the delicate balance between The legend legislature's right to enact laws and a court's duty to strike unconstitutional laws. This court has Cautioned lower courts not to strike laws unconstitutional where a particular case does not require it The doctrines of standing and starry decisive play a vital role in Achieving this balance Significantly Veronica see is not this but it's not the first time that this court found that a continuous under supervision Is not available after finding of guilt this court made that same interpretation in in Ray in 1982 in in Ray JN in 1984 in TW in 2007 and people XRL versus Starka and in 2009 in Samantha V today the legislature has not made any specific amendment to change this court's in long-standing interpretation and therefore has Adopted this court's construction in this case your honors by disregarding the doctrines of standing and starry decisive The trial court failed to exercise the same restraint that this court mandated and exercised itself in Veronica see Instead the court found the supervision statute was Unconstitutional even though it had no impact in respondents case even if this court were to affirm the trial courts Unconstitutionality it continues an under supervision after finding of guilt is still unauthorized by law and cannot stand Also, could you address the argument that's raised here that this case is distinguishable from Veronica see because here Defendant that my respondent is raising the argument of ineffective assistance of counsel for your honors the ineffective assistance of counsel is Even if this court were to find a meritorious, it doesn't grant defendant It doesn't give the respondents standing in this case. All it would do is Warrant a case for the case for it to be remanded Below and the clock would be set back to some time prior to the finding of guilt. It doesn't open the door The first standing I'm not sure I understand So you're if we were to find the council's ineffective for failing to raise this before the finding of guilt then what would the remedy be the remedy would be for this court to remand it back to the back to the the trial court before a finding of guilt So the topic could be broach it wouldn't it doesn't open the door for this court to consider the cost future constitutional claims in Veronica see when this court was discussing ineffective system council in plain error The prejudice that it was referring to was to the trial proceedings How could it be it couldn't be referring to the prejudice before this court because the record was silent on an objection by the state? Which one was challenged? If if we send this back if if that's the hook for standing in effective assistance of counsel And we send it back to the trial court to prior to the time of the finding of guilt or the adjudication whichever that is When this respondent would have been eligible for court supervision and the trial court Offers or wishes to place and the state objects aren't we in the end and the trial court then says it's unconstitutional Aren't we back here again then at that point in time that the respondent would have would have standing however even before we get there the Respondent has to show that she has a valid and meritorious Ineffective assistance of counsel or plain error claim and she does not hear her claims are based on pure speculation and conjecture Well, she's being prevented from raising the issue of the constitutionality because counsel didn't realize the timing When to request continuance under supervision the record is silent on that. Well what the record shows is that? She was offered a continuance under supervision prior to trial. She rejected it We don't know the discussions in between in between the record is silent on that What we do know is that she rejected supervision she maintained her innocence she went to trial and And at that and it proceeded to judgment, right? Well, also what we need isn't as we need an objection below by the state We don't have this it asks for some type of supervision After the issue of finding of guilt when it was too late. Did he not or did she not? Yeah, counsel did ask However by that time it it was too late, but we're not even sure he said some sort of supervision We're not even sure if it was for a continuance under supervision or the provision It was only after the trial court expressed his willingness to find the current statute on Constitutional that defense that defense counsel filed a motion Asking that they required it. But what's important is we also need The injury in fact would be the state's objection. There is nothing in the record you point to the record Where the record is it demonstrated that the state objected to a continuance under supervision because was requested too late I'd be happy after the finding was entered. I'd be happy to on page 114 115 I'll quote the state's attorney in this case. There has already been a finding entered So I guess the point of supervision is moot So there's already been a finding you can't go back and erase it and it was important is the trial court also Acknowledged the fact that this was the basis of the state's objection on page 125 of the record and I quote the trial court stated your office is opposed to the order because of the statute I Finding of guilt your honors the assistant state's attorney below understood that unlike the adult system in the in the juvenile and the juvenile court Supervision is not a sentencing alternative. It is a continuance under supervision his own terminology that results in a dismissal of the charges There's the fact that the trial court seemed to raise the sua sponte Have any effect on our consideration the standing issue no, your honor because what the reason that responding like standing is because the time has passed for a Continuous under super under supervision and therefore what prevents the issuance of a continuous under supervision in this case which is also the basis for respondents like a standing is that once there was a finding of guilt as this court found in Veronica see in Stralka in TW and JN a Available option and Defendant does try to gain Standing by making claims of ineffective assistance counsel and plain error. However, she fails to meet her high burden of establishing Merit to these claims she can't establish Responding wants this court to believe that all of a sudden after the evidence was presented The respondent changed her mind changed positions as well as the state changed positions There's absolutely no indication that the state After hearing the evidence if respondent would have said hey, I've heard the evidence I take responsibility Could you continue the case for under supervision? There's no evidence that the state would have objected The only evidence that here for the state's objection is based on the the plain reading of the statute so defendant can't make a plain a plain error or In effect assistance of counsel claim, you know that we do have a case in the pipeline in the briefing stage That will address the constitutional issues without a standing problem, right? Yes, your honor That's in Derek OG and but you're you're not asking us to hold this case for that one because the standing problem would always exist In this case. Yes your position. In fact defense counsel filed. We're Both the same cases defense counsel and I filed a motion to consolidate Derek OG with this case The people objected on the basis that this case Is a standing a standing issue and will remain a standing issue. So there is no reason to delay the To delay this case with Derek OG will be which will be a merits case They ask about the status of that other case. It's up. It's still in briefing stages Is it true that you've asked for four extensions of time and I may have but I've also had quite a few cases in this in this court as well as As well as the public work So there's this other case that clearly presents this issue and yet the state has not in Almost a year been able to brief the issue Is that right? Well, I and I'm we will be filing it in March and In this case was also delayed. Well, yes, and it will be filed in March, but That doesn't erase the fact that responding here does not have standing pursuant to this court's mandate Decision in Veronica see and we asked that this court Adhere to his president and Find that the trial court erred in considering the merits of this case On standing grounds Veronica see is good law and we asked this court to to continue its application and that the trial and that it reversed the findings of a Constitutionally constitutionally built below and remand the case for further proceedings Thank You miss Malavia May it please the court My name is James Jacobs the Cook County Public Defender's Office representing respondent Danielle Jay You might excuse me moving that microphone up up. Okay, council. Let me ask you before you get started what? Since we have a standing issue in this case since we have the merits coming down the pike a little ways in Derek OG and Presumably we took this case Because of the cons well because there was a finding of unconstitutionality you had to right What are you are you asking us to ignore the standing problem to get to the ineffective assistance of counsel problem? Well, actually, I I've made an argument in the case to distinguish Veronica see from what happened in this case with respect to the fact that supervision had already been granted. So it was not a speculative Speculative Prospect as it was in Veronica see and I would just stand on the briefs on that But I also believe that Veronica see was incorrectly decided and that this court should reconsider Veronica See the cross-relief is that trial counsel was certainly ineffective in asking for supervision at the wrong time because he failed to understand The correct operation of the supervision statute and the state at trial also are shot also did not Recognize the correct operation of the supervision statute and so I would ask the court to reach the constitutional merits Based upon the fact that trial counsel didn't ask for at the right time. I believe justice Tice Pinpointed the reason why I would have to be back here again for that very reason is trying if we disagree with that argument I'm just trying to think we're in a little bit of a difficult spot, right? On that that isn't why we took this particular case, but since there was a finding of unconstitutionality you never had the opportunity really to appeal So there isn't anything in the appellate court to send it back for and so if we agree With the whole ineffective assistance, but still think there's a standing problem. Then what's the remedy? Well, you have to I think I think you've got to reach the merits Inaction, maybe it was justice Carmier that made that point You have to reach the merits to determine whether trial counsel is ineffective because the state would have objected and I disagree with Assistant State's attorney Malavia that that record does not reflect the state would have objected The state would have objected and then you have to determine whether there was prejudice and the only way you can determine Prejudice is to determine whether the statute is unconstitutional and if that's the case then what import is there that? The Defendant turned down the offer of supervision in the first instance I don't think that is any import at all the defendant has a right to take her case to trial and to submit her case to the submit the state to the rigors of proof beyond a reasonable doubt and Factually, this was a very very close case This is a slapping fight between two teenage girls in a high school over a Facebook post It was a mutual combat and who struck who first This is a purpose was a case that Danielle deserved to take the trial and have the state prove its case and I think that a construction of the juvenile supervision statute, which I believe Veronica see purports is that or not purports, but Fosters is that it inhibits juveniles from taking their cases to trial in close cases because there's a Inhibition of the way that the process works of the Veronica sees interpretation that the judge has to stop before uttering the words guilty and the defense attorney has to ask for Supervision a disposition a sentence in effect at the same time that they are arguing vigorously for their clients innocence I believe that's kind of an unworkable and counterintuitive Construction of the supervision statute And I'm kind of getting into why I think Veronica see should be should be reconsidered before you get there with regard to the Question I posed to the state Got the same question for you if we should find Agreed that there was ineffective assistance of counsel and if we send it back Seems to me two things could happen one you get the ask for Continuance under supervision if the state doesn't object you're not here. Mm-hmm The other thing that could happen you ask for it the state objects you want to come back, but we've got Derek Oh already. Apparently the briefs will be in in March when we don't have a standing issue and you may get the Answer in that case, but not in this case. I agree. That's probably those are the two things that can happen But I I would still not like to give up on this court reconsidering Veronica seed because I think that it's a counterintuitive construction of the supervision statute and it's goes against General precepts of criminal law that you don't prejudge a case that in a jury context The jury is not even supposed to consider the disposition during the guilt phase at all But then you have to get around the plain language of the statutes the way it's written Well, I think the statute has changed over time that the statute now says that the judge can consider Supervision after hearing the evidence at trial and I think that it where it started from the supervision statute started from in 1966 of not allowing supervision at all if there was if the only supervision was available Before proceeding to findings and adjudication and then that has changed over time to allow Trial court to allow juvenile court judges to impose supervision in their discretion I think that's also in harmony with the overall overarching scheme of the juvenile court act of giving judges broad discretion to fashion appropriate remedies to rehabilitate minors Which is the raison d'etre of the juvenile court act and I would also submit that this court has never specifically held that the supervision statute precludes Supervision after there's been a finding of guilt in the state sites Straka JN Samantha V and TW TW is not as is not it that it does not involve that at all because that was the case that the Original constitutionality of the state veto power was there was discussed. So that's not a case Straka Straka was not a supervision case at all. Straka was a mandamus petition Which the state filed because judge Straka After there was a trial or excuse me after there was a plea and that minor pled guilty There was a practice called motions to vacate in Cook County in juvenile court, which had been in existence since 1973 and these motions to vacate operated such that The minor pled guilty and then the defense attorney would file this motion to vacate which is completely made-up motion No support in the juvenile court act at all And then the judge would continue the case for a while And if the presumably if the minors stayed out of trouble The judge would simply vacate the finding and the argument that the state made in that case was that this is like Supervision. They also said it's like a gubernatorial pardon. They also said it's like expungement, so that wasn't a supervision case at all and the language that the state seizes upon in Straka to Support the notion that this court has decided this before is just that that there are three stages to the juvenile court act the Findings phase the adjudicatory phase and the dispositional phase and then they seize on And I believe this court also in Veronica see seized on this section two of the statute where it says that If the parties if the parties do not consent to supervision Actually, I got to get the right words here If the parties do not consent to supervision and insist on going to findings and adjudication the court shall so proceed and the court has interpreted the court shall so proceed to Overturn or not overturn but negate the language in section one Which is that the judge can consider a supervision after hearing the evidence after hearing the evidence at trial And I believe that the progressions of the juvenile supervision statute from after hearing from no pretrial consideration of supervision at all He had or no post trial consideration of supervision at all had to do a pretrial to consider the evidence at trial But don't note in the minutes what the finding is which sounds a lot like Veronica see this What what does the judge say that there's a point beyond which the judge cannot return if he utters the words guilty? He or she utters the words guilty, which I believe is the crux of what Veronica see holds to removing that language altogether in 1990 of before the noting in the minutes and significantly in the other juvenile supervision statutes and therefore Addressing the other abuse neglected minors minors in need of supervision addicted minors dependent and neglected minors That before noting in the minutes language was not taken out of those statutes But was specifically taken out of the delinquency statute and then you've got some great legislative history which I found and presented to the court of a change to the findings and adjudication statute in 1984 and And I believe Veronica see focuses on this Findings and adjudication step by the connection between the findings adjudication and disposition as reason why the court can't go back and that 1984 amendment to the findings and adjudication statute a representative Churchill from Lake County said that they wanted to separate the dispositional phase from the adjudication phase and the quoting from the Representative Churchill the purpose is to segregate the questions of criminal guilt in the proper disposition of a minor and it is more fair To the minor that the determination of whether he should be awarded the court. He made at a separate Dispositional hearing now, what does that mean? That means you want a single fine single focused single minded fact finder Figuring out the facts of the case whether there's guilt and then moving on to whether what the proper disposition should be and I believe that this is a more natural and Intuitive way that a criminal process and a criminal judge operates Hear the evidence make a determination and then move to the disposition not Interrupt the thought process and say well, I think I want to impose supervision But I can't utter the words guilty not interrupt the crucial role that defense closing argument plays of having the defense Say wink wink nod nod. I know you're gonna find him guilty, but I'm arguing for innocence at the same time dick So consider supervision. I just don't think that that's that is a practical interpretation of the Of the soup of the juvenile supervision statute. Well, what's to prevent the From hearing the evidence and saying I find there is sufficient evidence for a finding And then allowing the opportunity for a motion to be made Put this minor in supervision Well, that's what Veronica see outlines, but actually I'll bring up another I'll bring it There's nothing that prevents that but that's I think different saying that's statutorily prevented It's not statutorily that separates that separates the fact finding from any disposition or any You know It's not statutorily prohibited, but it's just counterintuitive and it's goes against the way that I think fact-finding naturally works and also as a practical point about as a practical point about a judge bringing up that considering supervision is the role that the social investigation plays in The judges in informing juvenile court judges on what to do with a particular minor and social investigations This is the social is the adult is the juvenile equivalent of a pretrial invest or pre sentencing investigation. They don't have pretrial Investigations in the juvenile court. They have this social that's done after there's been a finding in the social is where the minors full history and Meeting with the probation officer and probation officers recommendation and what are the circumstances individual circumstances of this minor are fleshed out The judge doesn't know that at the beginning of the front at the beginning of the findings Stage or just before the judge might say well I want to consider supervision here at that point all the judge knows about is the facts of the case Doesn't know anything about the individual minor really that much But the judge may know that beforehand the state offered supervision and the minor wanted to have a trial well It's so and you wouldn't have a social investigation at that instance, right? But it came in that way as many many many of them do well But I think that I think that that kind of you know Are you penalizing a juvenile on their decision to to take the case to trial by? Not at all if you hear the evidence and you grant the supervision that they requested before you knew anything about the case Well, then that to me it gives the okay the minor more, I'm sorry, I misunderstood your question I I don't I think that that would limit the cases to ones in which the state had offered supervision to begin with which it might Not necessarily be the circumstance. You're to think you're I think your honor is Case would be then clearly right If the state then said I we object then Then we'd be in the posture Right, but we're talking about we're talking about reconsidering, you know Veronica see and its construct of the that's what I'm talking about and hoping I know it was only less than three years ago It was a seven nothing decision But respectfully, I think that that you need to reconsider it in light of the arguments. I've made the legislative history and failing that Obviously the trial attorney was ineffective in failing to understand The clarity of the sequence of the juvenile supervision statute as articulated in Veronica see he asked for not just some sort of Supervision it was very clear in the record and I I know you have my red brief up there Which you just got last night actually There was a mailing problem But in there I clearly will go through the record of where the state both objects to supervision the state's actual argument against supervision and the trial counsel's Manifest misunderstanding of the way the supervision statute operated per Veronica see and the fact he was asking for supervision under 615 Which which certainly certainly he was and the state objected to supervision at trial Just because Veronica took her case to trial it wasn't because that they had some clairvoyant understanding of Veronica see Because Veronica see was decided two months After the proceedings proceedings in this case and there wasn't anything to draw on from the prior precedents of this court JN was not was a case in which supervision was granted and then the minor wanted to appeal and the issue there was was this a final order and if you read JN I believe that a proper interpretation of that is that supervision was allowed after a trial and With respect to Samantha V. That wasn't a supervision case either. That was the one act one crime case Your proposal that we revisit or basically overrule Veronica see is that based on? what you believe is a New information coming to this court or that we or we did not perceive the Arguments that were made in Veronica see you didn't review the legislative history in Veronica. See you didn't there wasn't a analysis of Progression of the juvenile supervision statute I'll just make one quick point about the juvenile supervision statute in general and how it's constructed is it section one of the juvenile supervision statute is the is the limits on judicial authority and section two are the limits on the parties and Section one I guess essentially I'm lasting your honor to look at it in a new way and consider this argument that I'm making the Section one is the limits on the judicial authority, which has been changing all this time from these amendments in 1973 and 1990 the that's where that has changed Is that section one section two is the limits on the parties? But I believe that the Supervision statute has changed with respect to judicial authority to consider it And I would ask this court to affirm the finding and actually one final point with respect to the constitutionality and the merits Danielle's arguments concerning the constitutionality or Danielle's arguments concerning why the supervision statute is unconstitutional and state veto and Supporting the trial courts findings are unrebutted in this court because the state ever responded to whether the statute is constitutional or not So this court should so affirm the decision of the circuit court finding the statute unconstitutional or in the alternative Find that trial counsel was ineffective for failing to request it and remand for further proceedings and fashion some sort of equitable remedy Thank you Thank You mr. Jacobs I Just have a few points with all due respect Appellate counsel is confused Supervision here continues under supervision is not a sentencing option. It's not an alternative It is a continuance under supervision that may result if the minor follows the conditions Results in the dismissal of a charge. It's not it is always considered if any concedes when it was originally enacted in 1966 that it continues under supervision was not permitted after a finding of guilt and defendant And the legislature if it intended to change it could have easily explicitly done that in one single amendment They did not do so defendant presents this court with legislative history and Basically says the court passively did that in a series of modifications beginning from 1984 to 1991 However as explained in the people's reply brief none of those modifications or amendments whether you look at them individually or collectively supports respondents interpretation And do not they certainly do not provide a basis to overturn Veronicacy and it's other precedent that establishes that a continuance under supervision is not an option after a finding of guilt With respect here we have an avoid order Continuance of under supervision is unenforceable by law if this court accepts Respondents ineffective assistance or a plain error claim it would be remanded or remanded below where the court could We could consider An effective system claim or even if this court reverses and reverses the case and lands it back for further proceedings and Respondents place on the available Dispositions which could be conditional discharge or probation at that point then we finally have a final judgment And if respondent could raise her ineffective assistance of a council claim and present evidence there You know, but those claims do not establish standing before this court and therefore we ask that this court apply veronicacy and Reverse the ruling about unconstitutionality and remand the case for further proceedings Case number 110810 in the interest of Danielle Jay has taken under advisement is agenda number one. We thank you for your arguments